JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

JASON HANDELSMAN

## DEFENDANTS

CARDONE TRAINING TECHNOLOGIES, INC.

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

MANUAL HIRALDO: MHIRALDO@HIRALDOLAW.COM

Attorneys *(If Known)*

COURTNEY JARED BANNAN: COURTNEY@GRANTCARDON

**(d)** Check County Where Action Arose: ☒ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☒ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS

- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

**Other:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Re-filed (See VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation Transfer
- ☐ 7 Appeal to District Judge from Magistrate Judgment
- ☐ 8 Multidistrict Litigation – Direct File
- ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☒ NO

JUDGE:

DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

47 USC 227 ALLEGED VIOLATION OF TCPA

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  30,000

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE   05/04/2022

SIGNATURE OF ATTORNEY OF RECORD   /S/ COURTNEY JARED BANNAN

FOR OFFICE USE ONLY : RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-21398**

JASON HANDELSMAN

      **Plaintiff,**

**Vs.**

**CARDONE TRAINING TECHNOLOGIES, INC. (CTTI)**

      **Defendant.**

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT the Defendant, Cardone Training Technologies, Inc. ("CTTI") has removed to the United States District Court for the Southern District of Florida all claims and causes of action in the civil action styles *Jason Handelsman v. Cardone Training Technologies, Inc.*, Case No. 2022-CA-00661 ("State Court Action") now pending in the Circuit Court in and For Miami-Dade County Florida.

## REMOVAL IS PROPER

1. Plaintiff sues under the federal Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). Removal is based on federal question jurisdiction and, as clearly shown by the allegations on the face of the Complaint and set forth more fully below. 28 U.S.C. §§1331, 1441.

2. Removal is proper. *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA…. It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

## THIS NOTICE OF REMOVAL IS TIMELY

3. On or about April 11, 2022, the Plaintiff, Jason Handelsman ("Plaintiff"), initiated the subject case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Date County, Florida.

4. CTTI was served with process on April 14, 2022.

5. This Notice of Removal is timely filed within thirty days after service of the Summons and Complaint on CTTI. 28 U.S.C. §1446(b)(1).

**ALL DEFENDANTS CONSENT TO THIS REMOVAL**

6. Pursuant to 28 U.S.C. §1446(b)(2)(A), counsel for the Defendant warrants that the Defendant consents to removal and has authorized the undersigned to make this representation to the Court in this Notice of Removal. CTTI is the sole Defendant in this action.

**FEDERAL QUESTION JURISDICTION**

8. Plaintiff's Complaint is, on its face, brought pursuant to a federal statute, federal regulations, alleged federal common law, and alleged federal administrative rulings.

9. Federal-question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. "[T]he Court must look at the plaintiff's complaint at the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013).

11. In Paragraphs 35 through 44, Plaintiff's Complaint contains one (1) count which is based solely on an alleged violation of federal law and alleges the harmed parties are located in various states throughout the United States.

**PLAINTIFF'S TCPA CLAIM ARISES UNDER THE LAWS OF THE UNITED STATES
WITHIN THE MEANING OF 28 U.S.C. §1331.**

12. In paragraph one of the Complaint, the Plaintiff cites 47 U.S.C. 227, et seq., the TCPA.

13. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 377 (2012). The TCPA, a federal statute, creates Plaintiff's alleged claim.

14. This Court has original jurisdiction pursuant to 28 U.S.C. §1331; *Mims*, 565 U.S. at 372. 24. TCPA cases are removable. *Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) (citing *Mims*).

15. Removal is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a). 26. Sec. 1441(a) provides that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending."

16. This Court is in the District embracing the 11th Judicial Circuit in and for Miami Dade County. That fact is judicially noticeable. Fed. R. Evid. 201. [ The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)].  This case, cause, and action has been properly removed.

**THE PLAINTIFF SEEKS TO BRING A PUTATIVE CLASS ACTION BROUGHT ON BEHALF OF CLASS MEMBERS FROM THROUGHOUT THE UNITED STATES**

17. In Plaintiff's own Complaint on page 9 Paragraph 26, he states that "Upon information and belief, The Defendant has placed recorded calls to telephone numbers belong to thousands of consumers throughout the United States". If the Plaintiff purports to be bring this action on behalf of class members throughput the United States, then this action must be adjudicated in Federal Court.

18. The Standard for Removal is that removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction must be established with either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332.

19. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

20. The burden of establishing federal jurisdiction falls on the party seeking to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

21. Also, the Courts shall strictly construe the requirements of 28 U.S.C. § 1441 (removal jurisdiction) and remand all cases in which jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Univ. of So. Ala v. American Tobacco Co.*, 168 F.3d 405, 411 (11 Cir. 1999). Courts the determine jurisdiction by looking at the plaintiff's complaint at the time of removal. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of [its] own claim." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11 Cir. 1994). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. at 1095.

**COPIES OF ALL PLEADINGS**

22. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

23. A copy of the Plaintiff's Complaint is filed hereto as Exhibit A.

24. No other pleadings have been filed in this action.

25. To the best of the undersigned counsel's knowledge, no orders have been issued.

**NOTICE FILING IN STATE COURT**

26. Pursuant to 28 U.S.C. §1446(d), CTTI will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in case *Jason Handelsman v. Cardone Training Technologies, Inc*., Case No. 2022-CA-00661.

27. CTTI satisfied all of the requirements for removal of this action under 28 U.S.C. §1446 and all other applicable statutes and rules.

**WHEREFORE**, for all the foregoing reasons, this Court has, and Defendant respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Respectfully Submitted this 4th day of May, 2022

**/s/ Courtney Jared Bannan**

Courtney Jared Bannan
Florida Bar Number 703931
General Counsel for the Defendant
18909 NE 29th Ave
Aventura, Florida 33180
310-777-0255
courtney@grantcardpone.com
bannanlawfirm@gmail.com for Service of Process

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 4, 2022, I electronically filed via CM/ECF, which shall electronically notice all persons registered on that system., I also certify that I electronically mailed a copy of the foregoing to the Service List provided below.

Hiraldo PA
Manual Hiraldo
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

Eisenband Law
Michale Eisenband
515 Las Olas Blvd. , Suite 120
Fort Lauderdale, Florida 33301
meisenband@eisenbandlaw.com

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**CASE NO.**

JASON HANDELSMAN,
individually and on behalf of all,
others similarly situated,

        **CLASS ACTION**

    Plaintiff,

        **JURY TRIAL DEMANDED**

v.

CARDONE TRAINING TECHNOLOGIES, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Jason Handelsman brings this class action against Defendant Cardone Training Technologies, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA").

2.    To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so.

3.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

1

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen of Miami-Dade County, Florida.

5.      Defendant is, and at all times relevant hereto was, a Nevada corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in Aventura, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to general jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State.  Defendant initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement prerecorded messages into Florida in violation of the TCPA and Defendant is a resident of Miami-Dade County, Florida.

8.      Venue for this action is proper in this Court because Plaintiff resides and received the Prerecorded Message in Miami-Dade County, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.      The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10.     The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11.     In an action under the TCPA, a plaintiff must show only that the defendant "called

2

a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

14.     On or about March 16, 2022, Defendant called Plaintiff's cellular telephone number ending in 9486 (the "9486 Number") using a prerecorded voice message.

15.     When Plaintiff listened to the prerecorded message, he was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live humanbeing, or is instead being subjected to a prerecorded message.").

16.     Defendant's prerecorded voice call constitutes telemarketing because the purpose of the message was to encourage Plaintiff to buy tickets to Defendant's event.

17.     Specifically, the prerecorded message states "hey this is Jarrod Glandt with Grant

3

Cardone Enterprises, the reason you're getting this call is because Growth Con is less than ten days away and you live in Florida and you haven't gotten a ticket yet." The message continues to provide the number 305-865-6404 to call for an "unbelievable offer" to buy "front row diamond" and "premier" section seats to the event.

18.     Upon information and belief, the speaker in the prerecorded message is Jarrod Glandt, President at Cardone Enterprises.[1]

19.     Front row diamond and premier section seats are sold by Defendant for between $5,000 and $20,000 as shown below:

---

[1] linkedin.com/in/jarrodglandt





---

[3] Store.grantcardone.com/products/10x-growth-conference-6-2022?varient=32581206933564&variant=39751691960380



**SALE** **NEW**

## 10X Growth Conference 2022

★★★★★ 196 reviews

$1,500.00 $2,500.00

You Save 40% ($1,000.00)

**SELECT YOUR TICKET TYPE**

Executive

**QTY**

— 1 +

**ADD TO CART**    Buy with **PayPal**

More payment options

**Experience the Largest Annual Business Conference in the World**

**Date: March 25-27, 2022**

**THE 10X GROWTH CONFERENCE WAS CREATED FOR FORWARD THINKERS, TRAILBLAZERS, 10XERS, ENTREPRENEURS, SALES PROFESSIONALS, AND BUSINESS OWNERS WHO SEEK TO SET THE TONE BY WHICH THE MARKETPLACE FOLLOWS.**

This elite group represents the leading edge of entrepreneurs and business owners – a group that refuses to accept an average company, average sales, average employees, and an average life.

10Xers don't wait for the "next thing", they create it.

Every year, the 10X Growth Conference brings the

4

---



20.     Plaintiff received the prerecorded message from the telephone number 305-865-6404 which upon information and belief is owned and or operated by or on behalf of Defendant.

21.     Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

22.     Plaintiff never gave Defendant his prior express written consent to call him on his cellular telephone utilizing a prerecorded voice message.

23.     Plaintiff is the sole user and/or subscriber of the 9486 Number.

## **CLASS ALLEGATIONS**

### **PROPOSED CLASS**

---

[5] 10xgrowthcon.com/2022

24.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

25.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

26.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

28.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

[3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

29.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

30.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33.     The prosecution of separate actions by members of the Class would create a risk of

10

establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
*Individually and on behalf of the Class*

34.     Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

35.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

36.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

37.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

38.     It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

39.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an

advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

40.    Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

41.    Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

42.    Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

43.    Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

44.    As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. Id.

**WHEREFORE**, Plaintiff on behalf of himself and the other members of the Class, pray for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

b.   An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

12

c.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

d.   An award of actual and statutory damages; and

e.   Such further and other relief the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein. Specifically, Defendant should immediately obtain and preserve any prerecorded audio messages used and all call records showing the number of prerecorded audio messages sent and who those prerecorded audio messages were sent to.

DATED: April 11, 2022

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
/s/Michael Eisenband
Michael Eisenband
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120

13

Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com
Telephone:954-533-4092